My name is Miriam Schvimmer, one of the plaintiff appellants. I'm here today to put forth an argument against the District Court dismissal of my complaint based on plausibility. The District Court also ignored the Second Circuit mandate of judgment, which was law of the case, and stated some of the causes of action to be plausible enough. I apologize that the Second Circuit has to revisit what the prior panel already found constitutional sufficient causes of action. However, due to the blatantly incorrect bias decision of the District Court, I am back here today. The Second Circuit ruled in its decision dated May 24, 2021. On page 7, the Second Circuit cites the Schvimmer's pleadings and motion papers, and the District Court suggests that at least some claims would have been properly stated. For example, the Schvimmers allege that their and their child's Fourth Amendment rights were violated when the ACS defendants temporarily seized and interviewed their children over their objections. We have recognized that parents may assert such claims on their children's behalf. And on page 8 in the decision, similarly, the Schvimmers raise a plausible Fourteenth Amendment procedural due process claim based on the repeated denial of a full affair hearing regarding extensions of a temporary order of protection separating them from their daughter. The District Court must review the denial of my complaint and the motion to dismiss it. All I have to do is plead enough facts to say— So may I ask, what do you think allows you to assert a Fourth Amendment claim on behalf of your daughter, who is an age of majority and who does not have an interest that was intertwined with yours? Because I started the action while she was still a minor child. And so you think as a legal matter, that is sufficient. That's right. And parents have a right to their child. That's my fourth point. That is when it is measured. That is when it's measured and when it's brought. I'm sorry, excuse me? It's just a good reason for that. That's—it's brought—when it's brought, that is when it's measured and what happens after that. You're saying it doesn't matter. She was torn away from me when she was 14. That's what I'm saying. You're saying that's it. It doesn't matter what happens after that. I appreciate it. Thank you. What about the issue of them being adverse, about your interest being adverse to hers? Excuse me? What about your interest being adverse to hers? Adverse to my child's? Yes. Actually, the Second Amendment—the First Amendment complaint, we as parents are doing it also on behalf of another child's, which they did the same petition, but eventually during the procedure with my daughter, they dropped the case with I.S., but there was a lot of damages. So this isn't— I'm sorry, that's not the question. The question I'm asking is you're asserting a Fourth Amendment right on behalf—a Fourth Amendment violation on behalf of your daughter. Does your interest have to be coextensive with her interest? If she says, I am not being seized, if she says it will be dangerous for me to be with you, how do you— the only reason you have a Fourth Amendment claim is on her behalf, and if she's saying that your interests are adverse to hers, what is the law that allows this case to go forward? Because if I would have had even limited discovery, I would be able to prove that the child stated she wants to come home, and the defendants obstructed all the avenues of my relief. The kid wanted to come home. We have Bila Benda drafted an agreement. She was trying to force me to sign it with so many other conditions, which my attorney then said don't sign it, and in that agreement, she states, Bila Benda, that the child wants to come home. But later on, they obstructed me from even doing any discovery, and the district court even didn't let me do limited discovery. So discovery would have been granted even just on a limited basis. What about the record evidence that you conceded to letting her stay with Sarah? What does the district court suppose would do with that? That happened after the writ of habeas corpus. The district court doesn't even talk what happened prior to bringing the child into the petition, the Article 10 petition. The Article 10 petition happened with fraud or deceit after the writ of habeas corpus was done in the Supreme Court, after numerous court orders saying return of the child, after even arrest warrants from Supreme Court against various defendants. And when they saw that the kid has to be brought into the writ of habeas corpus, the defendants intentionally ignored all the Supreme Court orders. They went judge shopping to a different courthouse, to family court. Thank you. They went to get their judge to do their favor, got an order of protection against me while I had an order in Supreme Court contradicting orders. Okay. Thank you. I think we've got your argument. That's it? Thank you. Thank you. You guys all have to be very brief. I hope it was strategic for you to divide it up this way. I'm skeptical. Thank you, Your Honors. Hannah Serokin on behalf of the municipal appellees. Turning to the point you mentioned, Your Honor, plaintiffs here do not have standing to bring Fourth Amendment claims on behalf of their children for multiple reasons. First, they are currently pursuing pro se. It's well established that pro se plaintiffs cannot bring, cannot represent other individuals, cannot represent their children. And specifically as to their daughter, she, as you noted, is now an adult, an independent adult. Isn't that measured at the time the action begins, rather than her aging out? Standing has to be established at the commencement of an action, but it remains fluid, and this Court has held that it's a jurisdictional issue. So it's more of a mootness issue than standing? I mean, are you suggesting it's more mootness? You know what, you had three, you had multiple reasons. So one of them, okay, pro se, she couldn't assert it because she's age of majority is your argument at least. What else? And to that point also, the plaintiffs here have never, their daughter has never been part of this complaint. She would need to be, the Fourth Amendment claims belong to her. She would need to be a party to this action to raise those as the Fourth Amendment claims are hers. And then turning to, and in my time allotted, turning to their due process claims. It's very clear here from the family court records, just from looking at their existence and the filings involved in that case, that the trimmers were afforded robust process, including, in fact, as recognized by the family court and the appellate division, that they abused that process, that significant delay was caused by their abuse of the judicial process with frivolous motion filing. But they were able to cross-examine their daughter during the fact-finding hearing. They were able to, Mrs. Trimmer was able to testify. So they failed to, the Supreme Court correctly determined they had failed to establish either a, any constitutional claim. And without those constitutional claims, their conspiracy allegations, among other numerous allegations, do not survive. And if your honors don't have any questions about their remaining claims, we'll rest on our case. Thank you. Thank you. We've got one minute. Mr. Petoskey, use it well. Good afternoon. May it please the Court, Brandon Petoskey on behalf of Appellees Peter Hill and Nicholas Smith. In light of the arguments that have already been made today, and that my colleagues are making, if the Court doesn't have any specific questions for me, I will simply rely on the briefs in the case. Less than a minute. Okay. And then Mr. Lawrence. Thank you. Good morning. I'm David Lawrence III. I'm an Assistant Solicitor General appearing on behalf of the State Appellees, who are three former state court clerks. The District Court correctly dismissed the Second Amendment complaint, as against those former state court clerks, for failure to state a claim. Claim to state no claim, do not have due process, or have access to the courts, against those state court clerks, because the allegations of the Second Amendment complaint and the state court records, which the District Court correctly considered in deciding the motion to dismiss. What would you do, or what would you suggest, is the law of the case regarding the Second Circuit, and what the Second Circuit case said about the Fourth Amendment? Two answers, Your Honor. First, because my clients, as far as I agree with the Second Amendment complaint, are not defendants to the Fourth Amendment claim, we don't have an actual position on the Fourth Amendment. But as far as the issue of law of the case, that cannot apply here. As to my clients, for two reasons. First, they were not parties to the case at the time, therefore they had no ability to contest the case in this court. And second, this court did not have before it the state court records, which show that the plaintiffs here had abundant recourse to relief in the state courts. They filed mandamus petitions, they filed appeals, they filed various petitions for relief, and they were able to obtain state court rules. So that might address the due process issue. What about the Fourth Amendment issue? Again, Your Honor, I don't understand my clients to be defendants to the Fourth Amendment claim, and I don't want to on the fly take a position on something that I have not had time to consider. Fair enough. Thank you. Thank you. Okay, that concludes the cases on the appeals calendar today.